Exhibit A

# Exhibit A

Charles A. Gulden
11802 E. 28th Pl
Yuma, AZ  85367
Phone:  928-782-5182

**Yuma Justice Court First Precinct**
In and For the County of Yuma, State of Arizona
250 W. 2nd Street, Suite A
Yuma, AZ  85364  (928) 817-4100

**PLAINTIFF:**

Charles A. Gulden
11802 E. 28th Pl
Yuma, AZ  85367

-vs-

**DEFENDANT:**

Cardinal Financial Company, LP
c/o Registered Agent Solutions, Inc.
176 Mine Lake Court, Suite 100
Raleigh, NC  27615

Case No: J1401CV20180(058

**SUMMONS**

(CIVIL)

### THE STATE OF ARIZONA TO THE ABOVE NAMED DEFENDANT(S):

1. You are summoned to respond to this complaint by filing an answer with this court and paying the court's required fee. If you cannot afford to pay the required fee, you can request the court to waive or to defer the fee.

2. If you were served with this summons in the State of Arizona, the court must receive your answer to the complaint within twenty (20) calendar days from the date you were served. If you were served outside the State of Arizona, the court must receive your answer to the complaint within thirty (30) days from the date of service. If the last day is a Saturday, Sunday, or holiday, you will have until the next working day to file your answer. When calculating time, do not count the day you were served with the summons.

3. This court is located at: **250 W. 2nd Street, Suite A, Yuma, AZ  85364.**

4. Your answer must be in writing. (a) You may obtain an answer form from the court listed above, or on the Self-Service Center of the Arizona Judicial Branch website at http://www.azcourts.gov/ under the "Public Services" tab. (b) You may visit http://www.azturbocourt.gov/ to prepare your answer electronically; this requires payment of an additional fee. (c) You may also prepare your answer on a plain sheet of paper, but your answer must include the case number, the court location, and the names of the parties.

5. You must provide a copy of your answer to the plaintiff(s) or to the plaintiff's attorney.

**IF YOU FAIL TO FILE A WRITTEN ANSWER WITH THE COURT WITHIN THE TIME INDICATED ABOVE, A DEFAULT JUDGMENT MAY BE ENTERED AGAINST YOU, AS REQUESTED IN THE PLAINTIFF(S) COMPLAINT.**

Date: _____ MAR 1 9 2018 _____

_____ JUSTICE OF THE PEACE _____
Judge's Signature

{COURT SEAL}

**REQUEST FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE COURT AS SOON AS POSSIBLE BEFORE A COURT PROCEEDING.**

**Notice to the Defendant:  A lawsuit has been filed against you in Justice Court!**
**You have rights and responsibilities in this lawsuit. Read this notice carefully.**

1. In a justice court lawsuit, individuals have a right to represent themselves, or they may hire an attorney to represent them.  A family member or a friend may not represent someone in justice court unless the family member or friend is an attorney.  A corporation has a right to be represented by a managing member.  A corporation or an LLC may also be represented by an attorney.

If you represent yourself, you have the responsibility to properly complete your court papers and to file them when they are due.  The clerks and staff at the court are not allowed to give you legal advice.  If you would like legal advice, you may ask the court for the name and phone number of a local lawyer referral service, the local bar association, or a legal aid organization.  .

2. You have a responsibility to follow the Justice Court Rules of Civil Procedure ("JCRCP") that apply in your lawsuit.  The rules are available in many public libraries, at the courthouse, and online at the Court Rules page of the Arizona Judicial Branch website, at *http://www.azcourts.gov/*, under the "AZ Supreme Court" tab.

3. A "plaintiff" is someone who files a lawsuit against a "defendant."  You must file an answer or other response to the plaintiff's complaint **in writing** and **within twenty (20) days** from the date you were served with the summons and complaint (or thirty (30) days if you were served out-of-state.)  If you do not file an answer within this time, the plaintiff may ask the court to enter a "default" and a "default judgment" against you.  Your answer must state your defenses to the lawsuit.  Answer forms are available at the courthouse, and on the Self-Service Center of the Arizona Judicial Branch website at *http://www.azcourts.gov/*, under the "Public Services" tab.  You may prepare your answer electronically at *http://www.azturbocourt.gov/*, this requires payment of an additional fee.  You may also prepare your answer on a plain sheet of paper, but your answer must include the court location, the case number and the names of the parties.  You must provide to the plaintiff a copy of any document that you file with the court, including your answer.

4. You may bring a claim against the plaintiff if you have one.  When you file your answer or written response with the court, you may also file your "counterclaim" against the plaintiff.

5. You must pay a filing fee to the court when you file your answer.  If you cannot afford to pay a filing fee, you may apply to the court for a fee waiver or deferral, but you must still file your answer on time.

6. You may contact the plaintiff or the plaintiff's attorney and try to reach an agreement to settle the lawsuit.  However, until an agreement is reached you must still file your answer and participate in the lawsuit.  During the lawsuit, the court may require the parties to discuss settlement.

7. Within forty (40) days after your answer has been filed, you and the plaintiff are required to provide a disclosure statement to each other.  The disclosure statement provides information about witnesses and exhibits that will be used in the lawsuit.  A party may also learn more about the other side's case through discovery.  Read the Justice Court Rules of Civil Procedure for more information about disclosure statements and discovery.

8. The court will notify you of all hearing dates and trial dates.  You must appear at the time and place specified in each notice.  If you fail to appear at a trial or a hearing, the court may enter a judgment against you.  To assure that you receive these notices, you must keep the court informed, in writing, of your current address and telephone number until the lawsuit is over.

Charles A. Gulden
11802 E. 28th Place
Yuma, AZ 85367
Phone: 928-782-5182
Email: chasinyuma@hotmail.com

2018 MAR 19 PM 4: 19

FIRST PRECINCT

## IN THE YUMA COUNTY COURT

## STATE OF ARIZONA

CHARLES A. GULDEN,

Plaintiff,

vs.

CARDINAL FINANCIAL COMPANY, LP,

Defendant.

Case No. J1401CV20180_____

**COMPLAINT**

### JURISDICTION AND VENUE

1. This claim arises from tort and is made pursuant to the federal Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227, and its Federal Communications Commission (FCC) TCPA implementing regulation, 47 C.F.R. §1200.

2. Plaintiff, Charles A. Gulden, resides in Yuma County, Arizona. Defendant, Cardinal Financial Company is a Pennsylvania limited partnership headquartered in North Carolina that conducts business activities into and within the state of Arizona. All acts complained of herein occurred on Plaintiff's residential telephone located in Yuma County, Arizona.

### FACTUAL ALLEGATIONS

3. On or about 1 March 2018 Defendant or Defendant's employees, agents or parties acting on behalf of the Defendant initiated two (2) separate telephone calls to Plaintiff's residential telephone number ending in 5182 for the purpose of encouraging the purchase of its home mortgage products and services.

COMPLAINT - 1

4.  Plaintiff has not provided Defendant with his prior express invitation or permission to make telephonic solicitation calls to his residential telephone nor does Defendant or any party calling on its behalf have a personal relationship or an established business relationship with the Plaintiff.

5.   For more than thirty-one (31) days prior to Defendant's calls to Plaintiff's residential telephone, Plaintiff's residential telephone number was registered on the national Do Not Call Registry in which the federal government documents the telephone numbers of persons who do not wish to receive such telephone solicitations.

6.  The complained of calls to Plaintiff were unsolicited advertisements for the purpose of promoting Defendant's home mortgage products and services which Plaintiff had not expected, desired or requested and had not granted prior express invitation or permission for.

7.  The complained of calls constituted calls that were not for emergency purposes.

8.  The complained of calls were an unwelcome annoyance, distraction and disturbance to Plaintiff and invasion of Plaintiff's privacy, unnecessarily occupying Plaintiff's telephone line and voicemail system and consuming Plaintiff's time and attention to receive and deal with them.

### TCPA VIOLATIONS I & II

9.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

10.  Each of the foregoing calls initiated by or on behalf of the Defendant constitute separate negligent violations of the TCPA pursuant to 47 U.S.C. § 227(c), in that the calls were initiated to the Plaintiff's residential telephone number while it was registered on the national Do Not Call Registry.

COMPLAINT - 2

11. The foregoing calls constitute multiple knowing and/or willful violations of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages for each separate violation, pursuant to 47 U.S.C. § 227(c)(5)(C).

### TCPA VIOLATIONS III & IV

12. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. On or about 2 March 2018 Plaintiff coordinated telephonically with Defendant's agent or employee for Plaintiff's telephone number to be added to its internal Do Not Call list and on or about 14 March 2018 Plaintiff specifically requested that a copy of the Defendant's written policy for maintaining a Do Not Call list be made available to him.

14. Defendant has failed to establish and implement written procedures to comply with the national Do Not Call rules and has failed to provide or make available upon demand a copy of its written policy for maintaining a Do Not Call list to the Plaintiff.

15. Independent of the violations cited elsewhere in this Complaint, Defendant's failure to establish and implement written procedures to comply with the national Do Not Call rules and Defendant's failure to provide or make available upon demand a copy of its written policy for maintaining a Do Not Call list to the Plaintiff constitute willful violations of 47 C.F.R. § 1200(c)(2)(i)(A) and 47 C.F.R. § 1200(d)(1), entitling Plaintiff to an award of $1,500.00 in statutory damages pursuant to 47 U.S.C. § 227(c)(5)(C).

### TCPA VIOLATION V

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Independent of the violations cited elsewhere in this Complaint, Defendant's

COMPLAINT - 3

multiple violations of the TCPA in respect to the Do Not Call implementing regulations within 47 C.F.R. §1200 indicate that Defendant has failed to train its personnel or others acting on its behalf in procedures established pursuant to the National Do Not Call Registry and rules, pursuant to 47 U.S.C. 227(c)(2), 47 C.F.R. §1200(c)(2)(i)(B), and 47 C.F.R. §1200(d)(2).

18. Defendant's failure to train its personnel and any entity assisting in its compliance in procedures established pursuant to the national Do Not Call Registry and rules constitutes violation of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages, pursuant to 47 U.S.C. § 227(c)(5)(C).

### RELIEF REQUESTED

19. Plaintiff seeks monetary damages based on treble the amount of Five Hundred Dollars ($500.00) for each of the TCPA violations complained of herein, in the total amount of Seven Thousand Five Hundred Dollars ($7,500.00). Plaintiff further claims post judgment interest, court costs and other expenses in connection with this case.

### JURY DEMAND

20. Plaintiff respectfully requests trial by jury.

Dated this 19th day of March, 2018.

Charles A. Gulden

COMPLAINT - 4

Exhibit B

# Exhibit B

1  Marvin C. Ruth (#024220)
2  **COPPERSMITH BROCKELMAN PLC**
   2800 North Central Avenue
   Suite 1900
3  Phoenix, Arizona 85004
   Telephone: (602) 224-0999
4  Facsimile: (602) 224-6020
5  mruth@cblawyers.com

6  *Attorneys for Defendant*
   *Cardinal Financial Company, LP*

7
                    **IN THE JUSTICE COURT**
8
                **STATE OF ARIZONA, YUMA COUNTY**
9

10  Charles A. Gulden,                    Case No. J1401CV201800658

11                      Plaintiff,        **NOTICE OF REMOVAL**

12  v.

13  Cardinal Financial Company, LP,

14                      Defendant.

15

16  **TO THE CLERK OF THE COURT:**

17        **PLEASE TAKE NOTICE** that on April 19, 2018, Defendant Cardinal Financial

18  Company, LP, by and through its undersigned attorneys, filed a Notice of Removal with

19  the United States District Court for the District of Arizona, thereby removing this action.

20  Pursuant to 28 U.S.C. § 1331, 1441(c), and 1446, a copy of the Notice of Removal filed

21  with the United States District Court is attached as Exhibit A.

22        DATED this 19th day of April, 2018.

23                              **COPPERSMITH BROCKELMAN PLC**

24

25                              By
                                    Marvin C. Ruth
26                                  *Attorneys for Defendant Cardinal Financial*
                                    *Company, LP*
27

28

{00360694.1 }

- 1 -

1    ORIGINAL of the foregoing filed this 19th day of April, 2018
2    and a copy mailed to:

3    Charles A. Gulden
     11802 E. 28th Place
4    Yuma, AZ 85367
5    *Plaintiff Pro Per*

6    _Nina Colwell_

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

)03 60694.1 )

- 2 -

Exhibit A

# Exhibit A

1   Marvin C. Ruth (#024220)
2   **COPPERSMITH BROCKELMAN PLC**
    2800 North Central Avenue
3   Suite 1900
    Phoenix, Arizona 85004
4   Telephone:  (602) 224-0999
    Facsimile:  (602) 224-6020
5   mruth@cblawyers.com

6   *Attorneys for Defendant*
    *Cardinal Financial Company, LP*

7

8              **IN THE UNITED STATES DISTRICT COURT**

9                **FOR THE DISTRICT OF ARIZONA**

10  Charles A. Gulden,                    Case No.

11                 Plaintiff,            **DEFENDANT CARDINAL FINANCIAL
                                         COMPANY, LP'S NOTICE OF**
12  v.                                   **REMOVAL PURSUANT TO 28 U.S.C.
                                         §§ 1331, 1441(c), AND 1446**
13  Cardinal Financial Company, LP,

14                 Defendant.

15

16  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE
    DISTRICT OF ARIZONA:**
17

18          **PLEASE TAKE NOTICE** that Defendant Cardinal Financial Company, LP

19  ("Defendant") hereby removes the action described below from the Justice Court of Yuma

20  County, to the United States District Court for the District of Arizona, pursuant to

21  Sections 1331, 1441(c), and 1446 of Title 28 of the United States Code ("U.S.C.").  As set

22  forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. §

23  1441 because Defendant has satisfied the procedural requirements for removal and this

24
25  Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.  In

26  support of this Notice of Removal, Defendant states as follows:

27

28

)03 60690.1 }

                                      - 1 -

## I. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. SECTIONS 1331 AND 1441

On or about March 19, 2018, plaintiff Charles A. Gulden ("Plaintiff") filed a Complaint in the Justice Court of Yuma County ("Justice Court"), entitled *Charles A. Gulden v. Cardinal Financial Company, LP*, Case No. J1401CV201800658.  In the Complaint, Plaintiff alleges, among other things, that Defendant called his residential telephone using an automatic telephone dialing system.  Complaint ¶ 3.  Based on these allegations, Plaintiff asserts five causes of action against Defendant for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  All filings in the Justice Court file are attached hereto as **Exhibit A**, as required by 28 U.S.C. § 1446(a).

Because this action arises under federal law (the TCPA), which can be ascertained from the face of Plaintiff's Complaint, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.  Plaintiff does not assert any state law claims against Defendant. Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

## II. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

On March 23, 2018, Defendant received the Complaint by mail.  This Notice of Removal is timely in that it was filed within 30 days from the time Defendant had notice that the action was removable, and less than a year after the commencement of the action. *See* 28 U.S.C. § 1446(b).

The Justice Court of Yuma County is located within the United States District Court for the District of Arizona.  *See* 28 U.S.C. § 82.  Thus, venue is proper in this Court

)03 60690.1 )

because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

In compliance with 28 U.S.C. § 1446(d), Defendant will serve on Plaintiff and file with the Clerk of the Justice Court a written notice of the filing of this Notice of Removal, attaching a copy of this Notice of Removal.

No previous application has been made for the relief requested herein.

WHEREFORE, Defendant respectfully removes this action from the Justice Court of Yuma County to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

DATED this 19th day of April, 2018.

COPPERSMITH BROCKELMAN PLC

By  /s/  Marvin C. Ruth
    Marvin C. Ruth
    *Attorneys for Defendant Cardinal Financial*
    *Company, LP*

1

2

### CERTIFICATE OF SERVICE

3      I hereby certify that on April 19, 2018 I electronically transmitted the

4  attached document to the Clerk's Office using the CM/ECF System for filing.

5      I further certify that on April 19, 2018 a copy of the attached document was mailed

6  to Plaintiff as follows:

7

8      Charles A. Gulden
       11802 E. 28th Place
9      Yuma, AZ 85367

10

11

12                                  /s/ Verna Colwell

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

}03 60690.1 }

- 4 -

Exhibit A

Exhibit A

Charles A. Gulden
11802 E. 28th Pl
Yuma, AZ 85367
Phone: 928-782-5182

**Yuma Justice Court First Precinct**
In and For the County of Yuma, State of Arizona
250 W. 2nd Street, Suite A
Yuma, AZ 85364  (928) 817-4100

PLAINTIFF:

Charles A. Gulden
11802 E. 28th Pl
Yuma, AZ 85367

Case No: J1401CV20180006058

-vs-

**SUMMONS**

(CIVIL)

DEFENDANT:

Cardinal Financial Company, LP
c/o Registered Agent Solutions, Inc.
176 Mine Lake Court, Suite 100
Raleigh, NC 27615

THE STATE OF ARIZONA TO THE ABOVE NAMED DEFENDANT(S):

1. You are summoned to respond to this complaint by filing an answer with this court and paying the court's required fee. If you cannot afford to pay the required fee, you can request the court to waive or to defer the fee.

2. If you were served with this summons in the State of Arizona, the court must receive your answer to the complaint within twenty (20) calendar days from the date you were served. If you were served outside the State of Arizona, the court must receive your answer to the complaint within thirty (30) days from the date of service. If the last day is a Saturday, Sunday, or holiday, you will have until the next working day to file your answer. When calculating time, do not count the day you were served with the summons.

3. This court is located at: <u>250 W. 2nd Street, Suite A, Yuma, AZ 85364.</u>

4. Your answer must be in writing. (a) You may obtain an answer form from the court listed above, or on the Self-Service Center of the Arizona Judicial Branch website at http://www.azcourts.gov/ under the "Public Services" tab. (b) You may visit http://www.azturbocourt.gov/ to prepare your answer electronically; this requires payment of an additional fee. (c) You may also prepare your answer on a plain sheet of paper, but your answer must include the case number, the court location, and the names of the parties.

5. You must provide a copy of your answer to the plaintiff(s) or to the plaintiff's attorney.

IF YOU FAIL TO FILE A WRITTEN ANSWER WITH THE COURT WITHIN THE TIME INDICATED ABOVE, A
DEFAULT JUDGMENT MAY BE ENTERED AGAINST YOU, AS REQUESTED IN THE PLAINTIFF(S) COMPLAINT.

Date: _____ MAR 1 9 2018 _____

JUSTICE OF THE PEACE
Judge's Signature

{COURT SEAL}

REQUEST FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE
COURT AS SOON AS POSSIBLE BEFORE A COURT PROCEEDING.

**<u>Notice to the Defendant:  A lawsuit has been filed against you in Justice Court!</u>**
**You have rights and responsibilities in this lawsuit. Read this notice carefully.**

1. In a justice court lawsuit, individuals have a right to represent themselves, or they may hire an attorney to represent them.  A family member or a friend may not represent someone in justice court unless the family member or friend is an attorney.  A corporation has a right to be represented by a managing member.  A corporation or an LLC may also be represented by an attorney.

If you represent yourself, you have the responsibility to properly complete your court papers and to file them when they are due.  The clerks and staff at the court are not allowed to give you legal advice.  If you would like legal advice, you may ask the court for the name and phone number of a local lawyer referral service, the local bar association, or a legal aid organization.  .

2. You have a responsibility to follow the Justice Court Rules of Civil Procedure ("JCRCP") that apply in your lawsuit.  The rules are available in many public libraries, at the courthouse, and online at the Court Rules page of the Arizona Judicial Branch website, at *http://www.azcourts.gov/*, under the "AZ Supreme Court" tab.

3. A "plaintiff" is someone who files a lawsuit against a "defendant."  You must file an answer or other response to the plaintiff's complaint **in writing** and **within twenty (20) days** from the date you were served with the summons and complaint (or thirty (30) days if you were served out-of –state.)  If you do not file an answer within this time, the plaintiff may ask the court to enter a "default" and a "default judgment" against you.  Your answer must state your defenses to the lawsuit.  Answer forms are available at the courthouse, and on the Self-Service Center of the Arizona Judicial Branch website at *http://www.azcourts.gov/*, under the "Public Services" tab.  You may prepare your answer electronically at *http://www.azturbocourt.gov/*; this requires payment of an additional fee.  You may also prepare your answer on a plain sheet of paper, but your answer must include the court location, the case number and the names of the parties.  You must provide to the plaintiff a copy of any document that you file with the court, including your answer.

4. You may bring a claim against the plaintiff if you have one.  When you file your answer or written response with the court, you may also file your "counterclaim" against the plaintiff.

5. You must pay a filing fee to the court when you file your answer.  If you cannot afford to pay a filing fee, you may apply to the court for a fee waiver or deferral, but you must still file your answer on time.

6. You may contact the plaintiff or the plaintiff's attorney and try to reach an agreement to settle the lawsuit.  However, until an agreement is reached you must still file your answer and participate in the lawsuit.  During the lawsuit, the court may require the parties to discuss settlement.

7. Within forty (40) days after your answer has been filed, you and the plaintiff are required to provide a disclosure statement to each other.  The disclosure statement provides information about witnesses and exhibits that will be used in the lawsuit.  A party may also learn more about the other side's case through discovery.  Read the Justice Court Rules of Civil Procedure for more information about disclosure statements and discovery.

8. The court will notify you of all hearing dates and trial dates.  You must appear at the time and place specified in each notice.  If you fail to appear at a trial or a hearing, the court may enter a judgment against you.  To assure that you receive these notices, you must keep the court informed, in writing, of your current address and telephone number until the lawsuit is over.

Charles A. Gulden
11802 E. 28th Place
Yuma, AZ 85367
Phone: 928-782-5182
Email: chasinyuma@hotmail.com

F I L E D

2018 MAR 19 PM 4: 19

YUMA JUSTICE COURT
FIRST PRECINCT

## IN THE YUMA COUNTY COURT

## STATE OF ARIZONA

| | |
|---|---|
| CHARLES A. GULDEN, | Case No. J1401CV20180 0458 |
| Plaintiff, | |
| vs. | COMPLAINT |
| CARDINAL FINANCIAL COMPANY, LP, | |
| Defendant. | |

### JURISDICTION AND VENUE

1. This claim arises from tort and is made pursuant to the federal Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227, and its Federal Communications Commission (FCC) TCPA implementing regulation, 47 C.F.R. §1200.

2. Plaintiff, Charles A. Gulden, resides in Yuma County, Arizona. Defendant, Cardinal Financial Company is a Pennsylvania limited partnership headquartered in North Carolina that conducts business activities into and within the state of Arizona. All acts complained of herein occurred on Plaintiff's residential telephone located in Yuma County, Arizona.

### FACTUAL ALLEGATIONS

3. On or about 1 March 2018 Defendant or Defendant's employees, agents or parties acting on behalf of the Defendant initiated two (2) separate telephone calls to Plaintiff's residential telephone number ending in 5182 for the purpose of encouraging the purchase of its home mortgage products and services.

COMPLAINT - 1

4.  Plaintiff has not provided Defendant with his prior express invitation or permission to make telephonic solicitation calls to his residential telephone nor does Defendant or any party calling on its behalf have a personal relationship or an established business relationship with the Plaintiff.

5.  For more than thirty-one (31) days prior to Defendant's calls to Plaintiff's residential telephone, Plaintiff's residential telephone number was registered on the national Do Not Call Registry in which the federal government documents the telephone numbers of persons who do not wish to receive such telephone solicitations.

6.  The complained of calls to Plaintiff were unsolicited advertisements for the purpose of promoting Defendant's home mortgage products and services which Plaintiff had not expected, desired or requested and had not granted prior express invitation or permission for.

7.  The complained of calls constituted calls that were not for emergency purposes.

8.  The complained of calls were an unwelcome annoyance, distraction and disturbance to Plaintiff and invasion of Plaintiff's privacy, unnecessarily occupying Plaintiff's telephone line and voicemail system and consuming Plaintiff's time and attention to receive and deal with them.

### TCPA VIOLATIONS I & II

9.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

10.  Each of the foregoing calls initiated by or on behalf of the Defendant constitute separate negligent violations of the TCPA pursuant to 47 U.S.C. § 227(c), in that the calls were initiated to the Plaintiff's residential telephone number while it was registered on the national Do Not Call Registry.

COMPLAINT - 2

11. The foregoing calls constitute multiple knowing and/or willful violations of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages for each separate violation, pursuant to 47 U.S.C. § 227(c)(5)(C).

### TCPA VIOLATIONS III & IV

12. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. On or about 2 March 2018 Plaintiff coordinated telephonically with Defendant's agent or employee for Plaintiff's telephone number to be added to its internal Do Not Call list and on or about 14 March 2018 Plaintiff specifically requested that a copy of the Defendant's written policy for maintaining a Do Not Call list be made available to him.

14. Defendant has failed to establish and implement written procedures to comply with the national Do Not Call rules and has failed to provide or make available upon demand a copy of its written policy for maintaining a Do Not Call list to the Plaintiff.

15. Independent of the violations cited elsewhere in this Complaint, Defendant's failure to establish and implement written procedures to comply with the national Do Not Call rules and Defendant's failure to provide or make available upon demand a copy of its written policy for maintaining a Do Not Call list to the Plaintiff constitute willful violations of 47 C.F.R. § 1200(c)(2)(i)(A) and 47 C.F.R. § 1200(d)(1), entitling Plaintiff to an award of $1,500.00 in statutory damages pursuant to 47 U.S.C. § 227(c)(5)(C).

### TCPA VIOLATION V

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Independent of the violations cited elsewhere in this Complaint, Defendant's

COMPLAINT - 3

multiple violations of the TCPA in respect to the Do Not Call implementing regulations within 47 C.F.R. §1200 indicate that Defendant has failed to train its personnel or others acting on its behalf in procedures established pursuant to the National Do Not Call Registry and rules, pursuant to 47 U.S.C. 227(c)(2), 47 C.F.R. §1200(c)(2)(i)(B), and 47 C.F.R. §1200(d)(2).

18.  Defendant's failure to train its personnel and any entity assisting in its compliance in procedures established pursuant to the national Do Not Call Registry and rules constitutes violation of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages, pursuant to 47 U.S.C. § 227(c)(5)(C).

## RELIEF REQUESTED

19.  Plaintiff seeks monetary damages based on treble the amount of Five Hundred Dollars ($500.00) for each of the TCPA violations complained of herein, in the total amount of Seven Thousand Five Hundred Dollars ($7,500.00).  Plaintiff further claims post judgment interest, court costs and other expenses in connection with this case.

## JURY DEMAND

20.  Plaintiff respectfully requests trial by jury.

Dated this 19th day of March, 2018.

Charles A. Gulden

COMPLAINT - 4

Exhibit C

# Exhibit C

## Public Access to Court Information - Case Search

### Case Information

| | | | |
|---|---|---|---|
| Case Number: | J-1401-CV-201800658 | | |
| Title: | GULDEN VS CARDINAL FINANCIAL C | Category: | Civil |
| Court: | Yuma Justice | Filing Date: | 3/19/2018 |
| Judge: | | Disposition Date: | |

| | |
|---|---|
| CARDINAL FINANCIAL COMPANY, LP   DEFENDANT  - D 1 | |
| CHARLES GULDEN   PLAINTIFF  - P 1 | |

### Case Activity

| Date | Description | Party |
|---|---|---|
| 1/14/2019 | TIC: CV INACTIVE CAL REV | P 1 |
| 7/17/2018 | TIC: SC/CV NONSERVICE | |
| 3/20/2018 | SUMMONS ISSUED | P 1 |
| 3/20/2018 | COMPLAINT FILED OVER NO $ | P 1 |
| 3/19/2018 | FUND: BASE FEES | P 1 |

**NOTES:**

**Internet Explorer 10 Users: Case details will not display properly unless you switch to Compatibility View. How?**

**The following case types are excluded from search results:** sealed cases, cases involving un-served Orders of Protection, mental health and probate cases, victim and witness data. Juvenile incorrigible/delinquency case information also cannot be viewed on this website; however other types of cases in which juveniles are parties, such as traffic cases, may be displayed. Certain administrative functions carried out by superior court clerk's offices in each county are not included in this website, such as passport application processing and private process server registration. **Charges stemming from local ordinance violations are not included.**

**Please be aware of the following limitations of the case records displayed:**
• The information may not be a current, accurate, or complete record of the case.
• The information is subject to change at any time.
• The information is not the official record of the court.
• Not all cases from a participating court may be included.
• The information should not be used as a substitute for a thorough background search of official public records.

**The user is responsible for verifying information provided on this website against official court information filed at the court of record.** Use of this website shall indicate agreement by the user that the Arizona judiciary, including its courts, divisions, officers, and employees, shall not be liable for any loss, consequence, or damage resulting directly or indirectly from the use of any of the information available through this website and that the Arizona judiciary does not provide any warranty, express or implied, that the information provided is accurate, current, correct, or complete.

Data available on this web site is updated frequently and can be provided via electronic media for an annual subscription fee. If interested, please Contact Us.

**Case Info is updated on this website weekly. Information is updated each Friday to reflect case information through the Wednesday of the same week.**